# MEMO ENDORSED

**DRESSEL & HATAB, P.C.**
ATTORNEYS AT LAW
6 EAST 45TH STREET
SUITE 1605
NEW YORK, NEW YORK 10017
(212) 980-0202
FACSIMILE
(212) 980-4297
E-mail: hatablaw@verizon.net

HENRY F. DRESSEL (1914-2002)
ANTHONY J. HATAB*

*ADMITTED IN NEW YORK
AND NEW JERSEY

1400 ROUTE 9 SOUTH
SUITE 1000
FREEHOLD, NEW JERSEY 07728
(732) 409-5125

GREGG M. HOBBIE, Of Counsel*
*ADMITTED IN NEW JERSEY
AND PENNSYLVANIA

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/10
```

November 10, 2010

COPY VIA FACSIMILE:212-805-7900
Honorable Kimba M. Wood
United States District Judge
U.S. District Court, Southern
District of New York--Chambers
500 Pearl Street
New York, N.Y. 10007

Re: Thai-Lao Lignite (Thailand) Co., Ltd., et al. v. Government of the Lao
People's Democratic Republic; USDC-SDNY,#10-CIV-5256(KMW):
Respondent's Request for Pre-Motion Conference Pursuant To Local
Civil Rule 37.2

Dear Judge Wood:

As counsel for the Respondent in the above matter, we are prepared to timely respond by Motion to the discovery recently served by the Petitioners herein. We request that, under Your Honor's rules and the Local Civil Rule 37.2, an informal conference be scheduled with the Court prior to the filing of our Motion.

Respondent requests this Court's permission to file a Motion for a Stay of Discovery and for a Protective Order pursuant to Fed. Rule of Civ. Proc. 26(c). Respondent has attempted to resolve this discovery dispute with Petitioners' counsel, but was unable to do so. Counsel for both parties have exchanged several email messages setting forth their respective positions over a four-day period.

Respondent attached these demands as exhibits to its Reply brief filed with the Court on October 27, 2010, and thus will not re-file them here.

Inter alia, Laos has been asked to provide a witness who can report on every commercial asset or activity Laos has anywhere in the world. Laos has been asked to provide the revenue it has received from any source in the world over the past three years.

The dispute relates to the timing of discovery--now or only after a judgment is entered--and to its scope--restricted to U.S. assets or world wide discovery of assets.

**Timing.** Petitioners served multiple discovery demands on October 14, 2010.

The Court of Appeals for the Second Circuit has consistently stated that FAA/New York Convention enforcement proceedings are "summary proceedings". In this case, in their pleadings filed with this Court to date, both parties have relied solely upon the arbitral record, the Award, and the memorials and exhibits submitted to the arbitrators.

The discovery Petitioners are seeking is not intended for use in response to the motion to dismiss the Petition (the discovery demands were filed too late for such use, without a request for delay). The record will be complete on the motion next Monday, November 15, 2010, itself an extended time the Court granted to Petitioner to file a sur-reply brief.

There has been no request by either party to stay the enforcement proceeding to discover more evidence, which may be done in summary judgment proceedings under Fed. Rule of Civ. Proc. 56(f). If there had been such a motion, the moving party would have had to "show how the facts sought were reasonably expected to create a genuine issue of material fact relating to any issue raised in the litigation." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1139 (2d Cir. 1994), cited in *Tennenbaum Capital Partners L.L.C. v Kennedy*, 372 Fed. Appx. 180, 2010 Lexis 8100 (2d Cir. 2010).

The discovery sought here is directed to discovery of assets for enforcement of a judgment, but there is no judgment to enforce.

"Discovery of a judgment debtors assets is conducted routinely under the Federal Rules of Civil Procedure, Rule 69(a)(2)". *First City Tex-Houston N.A. v Rafida Bank*, 281 F.3d 48, 54 (2d Cir. 2002), *cert. den.*, 537 U.S. 813 (2002). Rule 69 (a)(1) and (2) applies after there has been a judgment entered, not before.

Therefore, Respondent respectfully requests this Court to stay all discovery pending the decision on the Respondent's pending motion before the Court. If judgment is entered in favor of Laos, Respondent requests the Court to order no response is due to the discovery requests.

**Scope.** Petitioners have sent a sovereign state discovery demands that can only be described as a world-wide fishing expedition.

Respondent requests a Protective Order to limit discovery, if a judgment is entered against Laos, to assets Laos might possess in the United States, if any.

2

Execution of judgments against a sovereign is controlled by the Foreign Sovereign Immunities Act (the "FSIA"), see 28. U.S.C. 1602-1611.

District courts are authorized to issue writs of attachments, only after a "reasonable period of time has elapsed following the judgment and the giving of notice", 28 U.S.C. 1610(c). The court itself, not the clerk's office, must issue the writ, to make certain the assets are "commercial assets" within the district. Pursuant to 28 U.S.C 1610 (a)(6), "where the judgment is based on an order confirming an arbitral award rendered against the foreign state", the assets must be commercial assets in the United States, see Sec. 1610 (b), and in the district where the levy is to be made. *Fidelity Partners Inc. v. Philippine Export and Foreign Loan Guarantee Corporation*, 921 F.Supp. 1113, 1117-18 (S.D.N.Y. 1996), *rem'd for consid. of mootness*, 142 F.3d 560 (2d Cir. 1998).

For foreign property to be stripped of its immunity under FSIA, Sec. 1610(a) not only requires that the property in question be used for commercial purposes, but also that the property be 'in the United States'. *AF-CAP Inc. v The Republic of Congo*, 383 F.3d 361, 371 (5th Cir. 2004), *clar., reh. en banc. den.*, 389 F.3d 503 (5th Cir. 2004), *cert. den.*, 544 U.S. 962 (2005).

"Under the FSIA, assets of foreign states located outside the United States retain their traditional immunity from execution to satisfy judgments entered in United States courts." *Fidelity Partners Inc., supra* at 1119.

A sovereign therefore cannot be forced to participate in a fishing expedition that would be incredibly burdensome, expensive and oppressive to assist TLL, a Thai company, to discover assets around the world, which under U.S law retain their sovereign immunity and therefore have no relevance to any enforcement action in the United States.

Respondent respectfully requests that the Court consider scheduling a pre-Motion conference under Local Civil Rule 37.2, or, in the alternative, "so order" that Respondent may file its Motion involving Petitioners' discovery under such Court-imposed time frame for submission of same.

Respectfully submitted,

DRESSEL & HATAB, P.C.

BY: _____

Anthony J. Hatab

AJH:mnn

cc: James E. Berger, Esq.

*Handwritten order:* Request for permission to file motion pursuant to Rule 26(c) is DENIED. Petitioner will be permitted to seek discovery. Disputes about the scope of discovery are hereby referred to Magistrate Judge Freeman.

SO ORDERED: 12-20-10

_____
KIMBA M. WOOD
U. S. D. J.

3